IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TODD E. MELDRUM<br>5671 Foxchase Ave. NW<br>Canton, OH  44718<br><br>   *Plaintiff*,<br><br>v.<br><br>DILLARD'S, INC.<br>C/o The Corporation Trust Company (Agent)<br>Corporation Trust Center<br>1209 Orange St.<br>Wilmington, DE  19801<br><br>and<br><br>WELLS FARGO BANK, NA<br>C/o Corporation Service Company (Agent)<br>50 West Broad St., Suite 1330<br>Columbus, OH  43215<br><br>   *Defendants*. | CASE NO. _____<br><br><br>JUDGE _____<br><br><br>**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**<br><br>**(WITH DEMAND FOR JURY TRIAL)** |

  Pursuant to the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq*., and specific parts thereto; including, the Fair Credit Reporting Act ("FCRA"), the Fair Credit Billing Act ("FCBA"), the Fair and Accurate Credit Transactions Act ("FACT Act"), and the Fair Debt Collection Practices Act ("FDCPA"); also, the Ohio Consumer Sales Practices Act ("OCSPA"); and other applicable law; Plaintiff Todd E. Meldrum, for his Complaint against Defendants, seeks an order requiring Defendants to withdraw and correct injurious statements made to various credit reporting agencies pertaining to a time period wherein Plaintiff was subject to identity theft, and continuing therefrom. Further, Plaintiff seeks damages for violations of the above referenced statutes, injury to his credit,

civil conspiracy, tortious interference with existing and prospective business relationships, breach of contract, breach of duty of care, and pre-judgment interest thereon; and, for punitive damages, costs of this action, and reasonable attorney fees.

## PARTIES

1. Plaintiff Todd E. Meldrum is an Ohio resident whose residential and mailing address has been since at least 2008, and currently is, 5671 Foxchase Ave. NW, Canton, OH 44718.

2. Defendant Dillards's, Inc. ("Dillards"), is a Delaware corporation doing business in Ohio, with its principal place of business located in Little Rock, Arkansas.

3. Defendant Wells Fargo Bank, National Association ("Wells Fargo"), is a nationally/federally chartered bank association, registered to do business in Ohio, with its principal place of business located in Sioux Falls, South Dakota.

## JURISDICTION & VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that the claims herein asserted involve substantial questions of federal law; as well as pursuant to 28 U.S.C. § 1332, in that the opposing parties to this action are of diverse citizenship, and the amount in controversy is in excess of $75,000.00.

5. Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1367 over any supplemental state law claims related to the facts alleged herein.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2) and/or (3), because a substantial part of the events or omissions giving rise to the claims occurred in this district; and/or, because at least one of the Defendants is subject to this Court's exercise of personal jurisdiction with respect to the claims asserted herein.

## FACTS RELEVANT TO ALL CLAIMS

7. Plaintiff has been a credit card account (the "Account") holder with Dillards since at least 2014.

8. At all times relevant to this Complaint, the Dillards credit card program (the "Program") was, and still is, issued and administered by Wells Fargo.

9. American Express is a federally registered service mark of American Express and is used by Wells Fargo pursuant to a license.

10. At all times relevant to this Complaint, Dillards has operated several retail stores throughout the State of Ohio, and routinely conducts business with Ohio consumers.

11. At all times relevant to this Complaint, Wells Fargo has had extensive operations throughout the State of Ohio, in various forms and activities, and routinely conducts business with Ohio consumers.

12. In the process of soliciting, issuing, and maintaining the Program, applicants and credit card account holders provide information of a personal, private, and confidential nature (the "Personal Information") to Defendants.

13. Included in the Personal Information is that information used by Defendants to process, verify, access, or make account changes to an individual credit card holder's account.

14. As recipients of the Personal Information, Defendants have a duty of care under Federal and other law, to safeguard such Personal Information for each applicant or account holder.

15. Defendants, regularly and in the ordinary course of business, furnish information to one or more consumer creidt reporting agencies about their transactions or experiences with consumers, including Plaintiff.

16. Defendants have a general duty of care to consumers under Federal and other law to provide accurate information to credit reporting agencies.

17. Despite knowledge of at least two false purchases made on Plaintiff's Account just several weeks prior, Defendants allowed an out of state address change and the addition of another allegedly "authorized" user on Plaintiff's Account without first verifying with Plaintiff that such changes were legitimate.

18. After being contacted by Plaintiff to inquire as to why he was not receiving his regular monthly billing statements, Defendants informed Plaintiff of the new user and change of address on the Account.  Plaintiff informed Defendants that he had never authorized a change of address, did not know the alleged new user, and that given the prior false purchases, and now this, that he must have been the victim of identity theft.

19. Despite having knowledge of the facts as asserted above, and despite issuing a new card, Defendants, for a second time, allowed the same unauthorized user access to the Account, and continued to supposedly send the Account statements to the out of state address, rather than to Plaintiff.

20. Defendants never contacted Plaintiff in any manner to confirm whether he authorized adding a new user to the Account, or whether he authorized a change of address to an out of state location; indeed, a location that Plaintiff has never even visited.

21. Despite repeated requests from Plaintiff to receive copies of the monthly statements of the Account during the time period that they were supposedly being mailed to the out of state address, Defendants failed to provide such copies to him for a period of at least several months, prohibiting Plaintiff from conducting a timely review of any activity occurring on the Account.

22. During this same time period that Plaintiff was attempting to obtain copies of the monthly statements from Defendants, Defendants demanded that Plaintiff identify which charges he was contesting, and further demanded payments be made on the Account. However, without the statements, it was impossible for Plaintiff to do so.

23. Despite knowledge of Plaintiff's allegations of identity theft, and while Defendants themselves were supposedly still investigating the matter and still had not provided Plaintiff with copies of the monthly statements for the Account as he had requested, Defendants reported negative information to one or more credit reporting agencies and initiated collection procedures against Plaintiff.

24. As a direct and proximate result of Defendants' acts and omissions, Plaintiff's credit rating has been reduced, significantly impairing his ability to access capital for his business and other activities.

## COUNT I – Violations of the FCRA

25. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-24.

26. Pursuant to 15 U.S.C. § 1681s–2, Defendants are prohibited from furnishing any information relating to a consumer to any consumer credit reporting agency if the Defendants knew or had reasonable cause to believe that the information is inaccurate.

27. Defendants are also prohibited from furnishing any inaccurate information relating to a consumer to any consumer credit reporting agency after being notified by the consumer that such information is inaccurate.

28. Defendants furnished information relating to Plaintiff to credit reporting agencies that Defendants knew or had reasonable cause to believe that such information was inaccurate.

29. Defendants furnished inaccurate information relating to Plaintiff to credit reporting agencies after being notified by Plaintiff that such information was inaccurate.

30. In addition to the foregoing, Defendants had additional obligations and responsibilities to Plaintiff because Plaintiff notified them that he was the victim of identity theft.

31. Despite such knowledge, Defendants did not abide by their additional obligations under the FCRA, as it pertains to victims of identity theft.

32. As a direct and proximate result of Defendants' failure to comply with one or more of the requirements of the FCRA, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered substantial damages to his credit and business activities brought about as a result of the inaccurate information furnished by Defendants to credit reporting agencies, and the failure to correct, or refrain from reporting, such inaccuracies. Therefore, Defendants are liable to him for the damages incurred.

33. Defendants' failure to comply with one or more of the requirements of the FCRA was willful, and Plaintiff is entitled to the costs of this action together with reasonable attorney's fees as determined by the Court.

## COUNT II – Violations of the OCSPA

34. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-33.

35. Defendants have committed unfair and deceptive acts by making false and misleading statements to Plaintiff and various credit reporting agencies, in violation of Ohio Revised Code § 1345.02.

36. Defendants have engaged in unconscionable acts and practices by repeatedly dismissing, ignoring, and/or failing to properly investigate and take corrective action, Plaintiff's allegations that he was the victim of identity theft.

37. Defendants' communications to Plaintiff were designed to manipulate his understanding of the nature of the service being provided to him and caused him to reasonably rely upon those communications to his detriment.

38. As a direct and proximate result of Defendants' unfair, deceptive, and unconscionable acts, Plaintiff has suffered substantial damages to his credit and business activities, and Defendants are liable to him for the damages incurred.

### COUNT III – Violations of the FCBA

39. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-38.

40. Plaintiff repeatedly, and timely, requested in writing, sent to the address provided for billing disputes and inquiries, proof from Defendants of any charges made to the Account during the time period for which he was not receiving any statements.

41. Plaintiff repeatedly, and timely, made Defendants aware in writing, sent to the address provided for billing disputes and inquiries, that statements were apparently being mailed to the wrong address.

42. Despite this knowledge, Defendants failed to timely remedy the situation, and failed to timely provide adequate documentation to Plaintiff as required by 15 U.S.C. §§ 1601, *et seq*.

43. Moreover, by failing to provide Plaintiff with timely billing statements prior to the due date of any payment due, Defendants were not entitled to charge finance charges, were not entitled to report any non-payment to a credit reporting agency, and were not entitled to initiate collection proceedings against Plaintiff.

44. Pursuant to 15 U.S.C. § 1640, Plaintiff is entitled to recover an amount equal to the sum of his actual damages and statutory damages of double the erroneous finance charges, and his costs and attorney fees in this action.

45. Moreover, Plaintiff would assert that Defendants unlawful conduct is widespread, that he is entitled to discovery on this issue; and that if proven, Plaintiff can amend this Complaint to be certified as a class action suit and is entitled to seek damages up to the lesser of $1,000,000.00 or 1 per centum of the net worth of the Defendants.

### COUNT IV – Violations of the FACT Act

46. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-45.

47. Defendants have violated provisions of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §§ 1681, *et seq*., particularly, but not limited to, as it pertains to identity theft.

48. Defendants either failed to develop and implement an Identity Theft Prevention Program that included reasonable policies and procedures for detecting, preventing, and mitigating identity theft; or, if such program exists, failed to follow it in this instance with Plaintiff.

49. As issuers of credit cards, Defendants were further obligated to assess the validity of the alleged change of address of the Account, particularly in light of Plaintiff's prior notice to them that he had fraudulent charges on his account, and that subsequently, he was the victim of identity theft; and, in light of the request by the alleged new user for issuance of an additional or replacement card at approximately the same time as the change of address.

50. Defendants' acts and omissions were willful and reckless, and Defendants knew or obviously should have known that the risk to Plaintiff was so great as to make it highly probably that harm would follow.

51. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has been harmed, and is entitled to damages, costs of suit, attorney fees, and punitive damages.

52. Moreover, Plaintiff would assert that Defendants violations of the FACT Act is widespread, that he is entitled to discovery on this issue; and that if proven, Plaintiff can amend this

Complaint to be certified as a class action suit and is entitled to seek damages (statutory or otherwise), costs of suit, attorney fees, and punitive damages to the full extent provided for under the Act.

### COUNT V – Violations of the FDCPA

53. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-52.

54. Pursuant to 15 U.S.C. §§ 1692, *et seq*., Defendants had certain obligations thereunder in their attempts to collect any debt to them allegedly owed by Plaintiff.

55. Defendants failed to properly verify the alleged debts they asserted and attempted to collect.

56. Defendants engaged in harassing and abusive practices by sending responses that were contradictory and misleading, and by harassing Plaintiff via telecommunications and arguing with him about the validity of the alleged change of address to the Account.

57. Defendants made false and misleading representations to Plaintiff in their communications to him.

58. Defendants engaged in a strategy to delay, mislead, and damage Plaintiff's credit reputation, in a coercive effort to get him to pay alleged debts without providing him the information he needed to verify the validity of those supposed debts.

59. As a direct and proximate result of Defendants' acts and omissions, Plaintiff was harmed, and is therefore entitled to actual damages sustained and punitive damages as allowed by the court, along with costs of this action and reasonable attorney fees.

60. Moreover, Plaintiff would assert that Defendants' violations of the FDCPA is widespread, that he is entitled to discovery on this issue; and that if proven, Plaintiff can amend this Complaint to be certified as a class action suit and is entitled to seek damages (statutory or otherwise), costs of suit, attorney fees, and punitive damages to the full extent provided for.

## COUNT VI – Defamation of Credit

61. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-60.

62. Defendants made false, malicious, and defamatory statements to credit reporting agencies effecting Plaintiff's property rights he has in his credit that caused actual or special damages.

63. As a direct and proximate result of Defendants' defamatory statements regarding Plaintiff's credit, Plaintiff has been harmed, and he is therefore entitled to damages and all corrective action necessary to make him whole and to restore his good name and credit.

## COUNT VII – Civil Conspiracy

64. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-63.

65. At all times relevant to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the Federal Trade Commission Act, 15 U.S.C. § 44.

66. Defendants engaged in unfair or deceptive acts or practices in or affecting commerce.

67. Pursuant to 5 U.S.C. § 45(a)(1), unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are unlawful.

68. Further, Defendants maliciously conspired together to enact a scheme, as outlined in the Complaint herein, that caused injury to Plaintiff.

69. Defendants' illegal acts in violating the Federal Trade Commission Act, comprise the underlying unlawful act independent of the conspiracy engaged in as referenced above.

70. As a direct and proximate result of the conspiracy engaged in by Defendants, Plaintiff has been harmed, and is therefore entitled to recover the damages he has incurred civilly for the conspiracy of Defendants.

## COUNT VIII – Tortious Interference

71. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-70.

72. Due to the nature of Plaintiff's business activities, he has need from time to time to access his available credit to take advantage of certain business opportunities which were reasonably likely to be beneficial financially to Plaintiff.

73. Early on in the events expressed herein, Plaintiff informed Defendants of his dependence on maintaining his high credit rating and having ready access to his available credit.

74. Despite this knowledge, Defendants intentionally engaged in unfair acts that interfered with Plaintiff's ability to take advantage of existing and prospective business opportunities, by intentionally causing harm to Plaintiff's credit, thereby limiting his available capital due to other creditors closing, or reducing the credit limits of, their accounts with Plaintiff.

75. As a direct and proximate result of Defendants' intentional tortious conduct, Plaintiff has been harmed by the loss of current and prospective economic advantage and is entitled to be made whole by Defendants in an amount equal to loss of such economic advantage.

## COUNT IX – Breach of Contract

76. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-75.

77. Upon information and belief, Defendants are in possession of the original agreement between the parties pertaining to the Account.

78. Upon information and belief, Defendants have breached provisions of that agreement by their acts and omissions herein, and otherwise.

79. As a direct and proximate result of that breach, Plaintiff has been harmed and Defendants are liable to make Plaintiff whole.

### COUNT X – Breach of Duty of Care

80. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-79.

81. Defendants have a general duty of good faith and fair dealing, along with a heightened duty of care to their customers created by the nature of the Information entrusted to Defendants, and the potential harm to consumers when Defendants fail at that duty.

82. As a direct and proximate result of Defendants' breach of their general duty of good faith and fair dealing and their heightened duty of care, Plaintiff has been harmed and Defendants are liable to make Plaintiff whole.

### COUNT XI – Punitive Damages

83. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-82.

84. In addition to the aforesaid, the actions of the Defendants demonstrate malice or aggravated or egregious acts, and callous disregard and reckless indifference to the rights and interests of Plaintiff, and Plaintiff is entitled to both compensatory and punitive damages.

### COUNT XII – Injunctive Relief

85. Plaintiff incorporates herein by reference the allegations in numbered paragraphs 1-84.

86. Because monetary relief alone is insufficient to stop ongoing and future harm, Plaintiff is entitled to injunctive relief ordering Defendants to correct and remove, at their expense, the false and/or misleading information on Plaintiff's credit reports, and to submit letters of explanation to all of Plaintiff's relevant creditors and effected business relationships.

### PRAYER FOR RELIEF

Wherefore, Plaintiff requests this Court to grant the following relief:

a. That Defendants be enjoined to have removed, within thirty days, all negative references on Plaintiff's credit reports pertaining to the Account;

b.  That Defendants further be enjoined to supply a letter to Plaintiff that Plaintiff can provide to those whom he conducts business, explaining that Plaintiff should not be held at fault for any negative credit references during any of the time relevant to the allegations in this Complaint, or resulting from any of the acts or omissions alleged herein;

c.  That Defendants pay to Plaintiff all consequential damages, in an amount exceeding at least $200,000.00, incurred as a result of the acts or omissions alleged herein;

d.  That punitive damages be awarded to Plaintiff against the Defendants;

e.  That Defendants pay all costs incurred, together with reasonable attorneys' fees;

f.  That if certified as a class action, Defendants pay to Plaintiff the lesser of $1,000,000.00 or 1 per centum of the net worth of the Defendants;

g.  That Plaintiff be awarded pre-judgment interest on any consequential damages received; and such other and further relief as the Court may deem appropriate, and;

h.  That Defendants be held jointly and severally liable for any damages, costs, and fees awarded to Plaintiff.

In accordance with Fed. R. Civ. P. 38(b), for all issues triable thereto, trial by jury is demanded.

Signed: _____/s/ Jon A. Troyer_____
Jon A. Troyer, #0080888
ARNOLD & ASSOCIATES, LTD.
3458 Massillon Road
Uniontown, Ohio  44685
Phone:  (330) 563-4149
Fax:  (234) 294-0033
Email: jtroyer@asalawfirm.com

*Attorney for Plaintiff Todd E. Meldrum*