IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| Todd E. Meldrum | ) | Case No. 5:21-CV-01673 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| Dillard's Inc.; Wells Fargo Bank., N.A., | ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | (Resolves Doc. 6) |

This matter comes before the Court on a pending motion to dismiss or in the alternative stay this matter pending arbitration filed by Defendants Dillard's Inc. and Wells Fargo. Plaintiff Todd E. Meldrum has opposed the motion, and Dillard's Inc. has replied in support of its motion. The motion is GRANTED.

**I.    Facts**

In November 2014, Wells Fargo issued a Dillard's American Express credit card to Plaintiff, Todd E. Meldrum ("Mr. Meldrum"). With the credit card there was enclosed a Cardholder Agreement. The Cardholder Agreement includes an arbitration clause which stipulates that any dispute[1] between the cardholder and the bank, on the request of either party, shall be resolved through the arbitration process. Among the disputes that the parties agreed to submit to

---

[1] The Agreement defines dispute as follows: "A 'Dispute' is any unresolved disagreement between you and the Bank. It includes any disagreement relating in any way to your Credit Card Account ("Account") or related services." Doc. 6-2 at 6.

arbitration are "claims based on broken promises or contracts, torts, or other wrongful actions." Mr. Meldrum first used the Dillard's card on September 11, 2015. In August 2021, Mr. Meldrum brought this action claiming that Defendants violated Fair Credit Reporting Act (FCRA), Ohio Consumer Sales Practice Act (OSCPA), Fair Credit Billing Act (FCBA), Fair and Accurate Credit Transaction Act (FACTA), and Fair Debt Collection Practices Act (FDCPA). In addition, Mr. Meldrum raised the following common law claims: defamation of credit, civil conspiracy, tortious interference, breach of contract, breach of duty of care, punitive damages, and injunctive relief.

On October 29, 2021, Dillard's Inc. moved to dismiss this matter or in the alternative stay the matter pending arbitration. Mr. Meldrum opposed the motion on November 29, 2021, and Dillard's replied in support on December 13, 2021. The Court now resolves the motion.

## II. Legal Standard

In reviewing the pending motion, this Court "must determine whether the dispute is arbitrable, meaning that a valid agreement to arbitrate exists between the parties and that specific dispute falls within the substantive scope of the agreement." *Landis v. Pinnacle Eye Care, LLC*, 537 F.3d 559, 561 (6th Cir. 2008). The Court is mindful in its analysis that in passing the Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, Congress's "preeminent concern" was to enforce private agreements to arbitrate. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). Furthermore, in resolving the issue, this Court must consider that there is "a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983).

In deciding whether a binding arbitration exists, the Court should apply state contract law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under Ohio law, the issuance

of a credit card and use of credit card agreement creates a legally binding agreement. *Heiges v. JP Morgan Chase Bank*, *N.A.*, 521 F. Supp. 2d 641, 647 (N.D. Ohio 2007) (internal citations omitted) (finding that simply by using the credit card the card holder agreed and was bound by agreement and all its terms, including the arbitration clause). Under South Dakota law, "use of an accepted credit card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer." S.D. CODIFIED LAW § 54-11-9.

**III.  Analysis**

The Court notes that the Agreement contains a choice of law provision. The provision creates a dispute as to whether the South Dakota or Ohio law applies. However, the threshold matter before the Court is one of simple contract construction, the Court need not resolve the choice of law issue. Regardless of the chosen state law, the Court would find that a valid contract between the parties exists, and the arbitration clause is binding on the contract's parties.

Here, Mr. Meldrum used the credit card for the first time on September 11, 2015. By using the credit card, Mr. Meldrum assented to the Cardholder Agreement terms, including the arbitration clause.[2] Mr. Meldrum's use of the credit card created a valid agreement under both South Dakota and Ohio law. *See, supra.* When a valid agreement exists, parties must abide by them. Here, the agreement provides that any dispute that arose between the parties must be solved through arbitration. In short, given that the Agreement is valid, the claims Mr. Meldrum has against Dillard's fall within the scope of the arbitration agreement.

---

[2] Mr. Meldrum challenges various portions of the declaration submitted by Wells Fargo. However, there is no dispute that Mr. Meldrum used the credit card at issue, thereby assenting to the terms of the Cardholder Agreement. Similarly, there is no viable argument raised by Mr. Meldrum to suggest this action falls outside the broad scope of the arbitration provision in the Cardholder Agreement.

## IV. Conclusion

With respect to the issue of staying or dismissing the matter, the Court has reviewed the Sixth Circuit law and it is clear that the Court may choose either course of action. *See Hensel v. Cargill, Inc.*, 198 F.3d 245 (6th Cir. 1999) (table decision); *ATAC Corp. v. Arthur Treacher's, Inc.*, 280 F.3d 1091 (6th Cir. 2002). In past cases, this Court has consistently followed one approach and will continue to do so herein. The Court believes that its practice protects the parties' rights and promotes judicial economy.

Accordingly, Mr. Meldrum is compelled to arbitrate any claims in the complaint that he has against Dillard's. Further proceedings in the within case are hereby perpetually stayed and the within case is hereby CLOSED, subject to reopening upon a well-taken written motion of Mr. Meldrum, Dillard's, or any other proper party in interest, after the final decision of the Arbitrator.

IT IS SO ORDERED.


Dated: April 19, 2022  /s/ Judge John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT